OPINION
{¶ 1} This is an appeal of the decision of the Lake County Court of Common Pleas, adjudicating appellant, Ernest D. Ecklin, a sexual predator.
{¶ 2} In April 1994, appellant was convicted of one count of rape, and sentenced to an indefinite term of eight to twenty-five years in prison. The trial court's verdict was appealed to this court, and was affirmed.
{¶ 3} At the recommendation of the Ohio Department of Rehabilitation and Correction, appellant was brought before the trial court on November 29, 2000, for a sexual predator hearing. At the hearing, neither the state nor appellant presented any witnesses. The state offered the following as its evidence: the police report of the investigation of the rape; a transcript of the victim's testimony in the case; appellant's prison records; and, the psychological report prepared by Dr. John Fabian of the Lake County Psychiatric Clinic.
{¶ 4} At the close of the hearing, the court adjudicated appellant a sexual predator. Appellant filed a timely appeal of this judgment, raising the following assignment of error:
 {¶ 5} "[t]he trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
{¶ 6} Appellant argues that the court's determination that he is a sexual predator is against the manifest weight of the evidence.
{¶ 7} When a court reviews a verdict to determine whether it is against the manifest weight of the evidence, it:
 {¶ 8} "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
{¶ 9} As defined in R.C. 2950.01(E)[1], a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before adjudicating the offender to be a sexual predator, the trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09(C)(2)(b).
{¶ 10} Appellant was convicted of a sexually oriented offense, rape, satisfying the first prong of the test. At issue is the second prong of the test — whether appellant is likely to re-offend.
{¶ 11} In making a determination as to whether an offender is likely to commit future offenses, the trial court must consider all relevant factors including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2)(a)-(j). These factors include:
{¶ 12} "(a) The offender's age;
 {¶ 13} (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 15} (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 16} (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 18} (g) Any mental illness or mental disability of the offender;
 {¶ 19} (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
{¶ 21} In its judgment entry, the trial court found the following factors:
 {¶ 22} "a.) [appellant] was nineteen (19) years of age at the time of the offense;
 {¶ 23} "c.) [t]he victim of the sexually oriented offense for which sentence was imposed was seventeen (17) years of age at the time of the crime;
 {¶ 24} "g.) [appellant] does have a mental illness or mental disability; the psychological evaluation indicated the offender exhibits a psychopathy with a violent profile and demonstrates a high risk to re-offend;
 {¶ 25} "i.) [t]he nature of [appellant's] actions during the commission of the sexually oriented offense, for which the sentence was imposed, displayed cruelty or threats of cruelty in that the offender used and threatened violence in the commission of the offense;
 {¶ 26} "j.) [a]dditional behavioral characteristics which contributed to [appellant's] conduct include the seventeen (17) prison conduct violations, evidence of uncontrollable rage, drug use, gang and homosexual experiences and segregation in prison from general population due to conduct violations."
{¶ 27} Appellant attacks these findings of the court in several respects. First, appellant argues that the trial court did not establish what he claims, without support, are the two factors most indicative of recidivism: sexual deviancy and general criminological factors. Appellant claims that, because these are the two most determinative factors in determining recidivism, the statutory factors that bear the closest relationship to these should have greater weight. Appellant claims that these statutory factors are the existence of a prior criminal record and a past record of sexual abuse of the victim.
{¶ 28} Though appellant attempts to distinguish between the statutory factors which are "more determinative" and those which are "less determinative," neither the statute nor the Supreme Court of Ohio make such a distinction. See, e.g. R.C. 2950.09; State v. Eppinger
(2001), 91 Ohio St.3d 158. We likewise decline to make a distinction between the importance of the statutory factors to a court's consideration of whether an offender is a sexual predator.
{¶ 29} The trial court found that appellant was nineteen years of age at the time of the offense and his victim was seventeen. Appellant argues that these findings militate against the court's finding that he is a sexual predator, as appellant is only two years older than his victim. However, in his psychological report, Dr. Fabian stated that the fact that a person commits his first crime before the age of twenty-five indicates a higher risk of recidivism. Additionally, at the time of the offense, though only two years younger than appellant, the victim was a minor.
{¶ 30} The trial court also found that appellant has a mental illness, specifically, appellant has "psychopathy with a violent profile and demonstrates a high risk to re-offend." This finding was based on Dr. Fabian's report of his psychological evaluation of appellant. Appellant contends that Dr. Fabian's report establishes that he is only a moderate risk to re-offend. This allegation is at odds with the content of Dr. Fabian's report.
{¶ 31} In Dr. Fabian's report, he reports the results of several diagnostic tests performed on appellant. On the Minnesota Sex Offense Screening Tool-Revised ("MnSOST-R,"), an actuarial risk assessment tool for future sexual violence, appellant scored a seven, which places him in the category of moderate to high risk of recidivism. On the Static-99, another actuarial instrument to assess the likelihood of sexual offense recidivism, appellant scored a four, placing him in the medium to high-risk category. On the Sex Offender Risk Appraisal Guide ("SORAG"), another actuarial risk assessment for sex offenders, appellant scored a twenty-two; fifty-eight percent of offenders with this score sexually re-offended within seven years, and eighty percent re-offended within ten years. Appellant scored a fifteen on the Violence Risk Assessment Guide ("VRAG"), an actuarial assessment of the offender's risk of future violence; fifty five percent of offenders with this score violently re-offended within seven years, and sixty-four percent violently re-offended within ten years. The SVR-20 and HCR-20 tests, which rate the subject's criminal history and assess future risk based upon past criminal conduct, indicated that appellant poses a "definite and serious sexual and violent future risk." In addition, other tests indicated the presence of an antisocial personality disorder and the labeling of appellant as a psychopath.
{¶ 32} In light of this information, Dr. Fabian concluded that appellant "poses a high risk of future violence and sexual violence." These findings support the trial court's determination that appellant is a sexual predator and are not inconsistent with that conclusion, as appellant claims.
{¶ 33} The court also found that appellant used or threatened cruelty in the commission of the underlying offense. This conclusion is based upon the victim's testimony at trial, in which she said that appellant threatened to hit her if she resisted, but did not actually hit her. Appellant argues that there was no violence involved because he did not actually hit the victim, and that threats should not have been considered because they were used to satisfy an element of the underlying crime of rape.
{¶ 34} R.C. 2950.09(B)(2)(i), by its very terms, is expressly concerned with the facts and elements of the underlying sexual offense. That the violence or threats of violence satisfied an element of the underlying offense does not mean that the violence cannot be considered when making a sexual predator determination. In this case, the victim testified, and the court found, that appellant threatened violence against her if she resisted. The court properly considered this testimony when making its sexual predator determination.
{¶ 35} The court also found that appellant exhibited other behavioral characteristics which it considered in making its sexual predator determination. The court cited appellant's numerous prison discipline violations, evidence of appellant's uncontrollable rage, drug use, gang involvement, homosexual conduct in prison and segregation from the general prison population due to conduct violations. Appellant argues that it was inappropriate for the court to rely on these factors because they have not been proven. In addition, appellant argues that, even if relied upon, they are in no way indicative of appellant's risk of sexually re-offending.
{¶ 36} First, we note that the rules of evidence do not strictly apply to sexual predator determinations, and that the court may consider reliable hearsay in making its determination. State v. Cook (1998),83 Ohio St.3d 404, 425. The evidence in support of the court finding these behavioral characteristics is within appellant's prison record and Dr. Fabian's psychological report. These sources of information constitute reliable hearsay, and the court properly considered them in making its determination.
{¶ 37} Appellant also argues that the court erred by failing to consider his efforts to rehabilitate himself during his incarceration and erroneously concluded that appellant refused to enroll in a sexual offender treatment program. Appellant's rehabilitation efforts consisted of enrolling in college level business management courses and seeing a psychologist when he felt depressed. These efforts, while commendable, do not establish that the manifest weight of the evidence was against the court's judgment adjudicating appellant a sexual predator.
{¶ 38} Additionally, though appellant claims the court inappropriately considered his efforts at entering a sexual offender education program, his counsel's statement at the sexual predator hearing reveals that he made no effort to enter a sexual offender education program. Appellant claims that he did not enter a program because the waiting list was long and he was soon to be transferred to a different institution and did not want to begin a program he could not finish. Appellant, however, had more than six years between the time he was incarcerated and his sexual predator hearing. Appellant's argument is not credible. At some point during the six years of appellant's incarceration, he could have entered the sexual offender education program; the fact that he did not is probative of the seriousness of his efforts to rehabilitate himself.
{¶ 39} Based upon the court's findings, and the evidence supporting them, there is sufficient evidence to conclude that the state proved, by clear and convincing evidence, that appellant is a sexual predator. We cannot say that the trial court lost its way and committed a manifest miscarriage of justice in making this determination. Appellant's assignment of error is without merit.
{¶ 40} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is hereby affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.
[1] Appellant was found to be a sexual predator on January 4, 2001, prior to the June 13, 2002 effective date of the current version of the sexual predator statute. We will, therefore, use the statute as it existed at the time of the trial court's judgment.